Docket No. 82

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

UNITED STATES OF AMERICA,

Plaintiff,

v.

FADI NAMMAS,

Defendant.

Criminal Action No. 24-726-RMB-1

**ORDER**

**RENÉE MARIE BUMB, Chief United States District Judge**:

On November 6, 2024, a federal grand jury in the District of New Jersey charged Defendant Fadi Nammas with: conspiracy to violate the Export Control Reform Act and to smuggle goods, in violation of 18 U.S.C. § 371; violating the Export Control Reform Act, in violation of 50 U.S.C. § 4819, 15 C.F.R. § 764.2, and 18 U.S.C. § 2; and smuggling goods, in violation of 18 U.S.C. §§ 2 and 554. [Docket No. 21 (the "Indictment").] The Government now moves to dismiss the Indictment against Defendant Fadi Nammas without prejudice pursuant to Federal Rule of Criminal Procedure 48(a). [Docket No. 82.] Defendant Nammas does not oppose dismissal, but contends that it should be with prejudice. [Docket No. 85.] At this time, the Court shall grant the Government's Rule 48(a) request to dismiss the Indictment, but will do so without prejudice so as to reserve judgment on whether it should be with prejudice upon further review by the Court.

"The government may, with leave of court, dismiss an indictment, information, or complaint." FED. R. CRIM. P. 48(a). The Court's discretion under Rule 48(a) "is severely cabined," and "refusal to dismiss is appropriate only in the rarest cases." *In re Richards*, 213

F.3d 773, 786, 788 (3d Cir. 2000). "Those 'rare cases' include where dismissal is 'clearly contrary to the public interest,' or where 'the prosecutor appears motivated by bribery, animus towards the victim, or a desire to attend a social event rather than trial.'" *United States v. Pichardo*, No. 21-289, 2024 WL 244219, at *3 (D.N.J. Jan. 23, 2024) (quoting *id.* at 786–87).

The Court's limited role notwithstanding, "Rule 48(a) does not 'intend[ ] the trial court to serve merely as a rubber stamp for the prosecutor's decision.'"[1] *United States v. Erickson*, No. 19-0053-003, 2024 WL 81290, at *6 (D.V.I. Jan. 8, 2024) (quoting *United States v. Ammindown*, 497 F.2d 615, 622 (D.C. Cir. 1973)). "[T]o honor the purpose of the rule, the trial court at the very least must know the prosecutor's reasons for seeking to dismiss the indictment and the facts underlying the prosecutor's decision." *see United States v. Mastronardo*, No. 12-388-16, 2015 WL 3796012, at *1 (E.D. Pa. June 18, 2015) (citing *United States v. Derr*, 726 F.2d 617, 619 (10th Cir. 1984)); *see Pichardo*, 2024 WL 244219, at *3 ("Still, Rule 48(a) allows courts to question the Government on its reasons for dismissal."). "Following the Supreme Court's decision in" *Rinaldi v. United States*, 434 U.S. 22 (1977), "the federal circuits have equated the Supreme Court's clearly contrary to manifest public interest standard to a finding of prosecutorial bad faith." *United States v. Erickson*, No. 19-0053-003, 2024 WL 81290, at *5 (D.V.I. Jan. 8, 2024) (collecting cases).

On May 6, 2026, the Government "interviewed a potential government witness" and "learned for the first time that a license exception may have been available to export the component at issue if certain conditions had been met." [Docket No. 84.] While acknowledging that Defendant Nammas has not "claimed the exception applie[s] or

[1] For this reason the Court ordered the Government to supplement its original request with a submission setting forth its reasons for seeking dismissal of the Indictment and the facts underlying that decision. [Docket No. 83.] The Government timely complied. [Docket No. 84.]

attempted to invoke the exception, nor … believe[ing] that all the conditions for application of the exception have been met," the Government concludes, "after conducting extensive legal research and additional discussions—with the witness and subject matter experts within the Department of Justice and elsewhere within the federal government, … that the evidence currently in its possession does not rise to the level necessary to prove beyond a reasonable doubt that [Defendant Nammas] is guilty of the export-control violations with which he is charged." [*Id.*] The Government arrived at this conclusion on May 13, 2026, and sought dismissal of the Indictment the following day. [*Id.* at 2.]

After review, the Court finds the Government's reason for dismissing the Indictment against Defendant Nammas "proper and touch[es] on prosecutorial discretion, which the separation-of-powers doctrine prohibits courts from second-guessing." *Pichardo*, 2024 WL 244219, at *4 (citing *United States v. Gonzalez*, 58 F.3d 459, 462 (9th Cir. 1995)).

**IT IS**, on this **20th** day of **May 2026**, hereby:

1. **ORDERED** that the Government's request to dismiss the Indictment against Defendant Fadi Nammas pursuant to Federal Rule of Criminal Procedure 48(a) [Docket No. 82] is **GRANTED**; and it is also

2. **ORDERED** that the Indictment against Defendant Fadi Nammas [Docket No. 21] is **DISMISSED WITHOUT PREJUDICE** so as to **RESERVE** a future ruling by this Court on whether the dismissal shall be with or without prejudice upon further review; and it is finally

3. **ORDERED** that Defendant Fadi Nammas shall be released from custody.

**/s/ Renée Marie Bumb**
Renée Marie Bumb
Chief United States District Judge